E-FILED
Wednesday, 18 July, 2007   03:39:19 PM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY CORDREY, | ) |
| Petitioner, | ) |
| v. | ) Case No. 07-4038 |
| DONALD HULICK, Warden, | ) |
| Respondent. | ) |

## O R D E R

This matter is now before the Court on Petitioner, Johnny Cordrey's ("Cordrey"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, Application to Proceed In Forma Pauperis, and Motion for Appointment of Counsel. For the reasons set forth below, the Application to Proceed In Forma Pauperis [#1] is DENIED, the Motion for Appointment of Counsel [#2] is DENIED, and the § 2254 Petition [#1] is DISMISSED.

### BACKGROUND AND PROCEDURAL HISTORY

In September 1993, Cordrey was convicted of two counts of aggravated criminal sexual assault, one count of criminal sexual assault, one count of aggravated kidnapping and one count of kidnapping following a jury trial in the Circuit Court of Henry County. He was sentenced to 36 years' imprisonment. His conviction and sentence were affirmed by the Illinois Appellate Court on June 9, 1998, and he was denied leave to appeal to the Illinois Supreme Court on October 6, 1998.

On June 5, 2000, Cordrey filed a post-conviction petition with the circuit court under the Illinois Post-Conviction Hearing Act. The petition was denied on February 22, 2002. Cordrey then filed a second post-conviction petition on July 9, 2003, which was denied on

December 21, 2004. On July 13, 2005, he filed his third petition with the circuit court. That petition was denied in February or March 2006.

Cordrey now brings the present action seeking federal review of his state court proceedings. In his Petition, he raises essentially four arguments: (1) his warrantless arrest was unlawful, and his <u>Miranda</u> rights were violated; (2) he received ineffective assistance of counsel; (3) he was denied the right to a fair trial as a result of incriminating pre-trial publicity; (4) the crime lab DNA results were inconclusive; (5) he was denied his right to a speedy trial; and (6) his sentence was enhanced based upon facts not found by a jury. This Order follows.

## DISCUSSION

There are statutory time limits which govern whether a district court can entertain a petition for writ of habeas corpus. The present case is covered by 28 U.S.C. § 2244, which states in relevant part:

> A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The time during which a properly filed application for post-conviction or other collateral review is pending in the state courts is not counted toward any period of limitation. 28 U.S.C. § 2244(d)(2).

In the present case, Cordrey alleges that he is entitled to relief because of errors purportedly made by the Circuit Court of Henry County and his attorneys. Cordrey makes no assertion that there is any newly recognized constitutional right, that he was prevented from filing, or that he was unable to discover the factual predicate for his claims through the exercise of due diligence. To the contrary, he asserts that his claims have been previously made through the state court post-conviction process. Thus, this case does not involve the application of sub-sections (B), (C), or (D) above.[1]

Cordrey's direct appeal became final on January 4, 1999, when the 90-day filing period for pursuing a Petition for Writ of Certiorari to the United States Supreme Court expired, and his clock began to run on that day. The limitations period was tolled beginning on June 5, 2000, when he filed his first post-conviction petition. However, by that time, his one-year period of limitation had already expired. Additional time elapsed during the pendency of his second and third post-conviction petitions, as the likelihood that one or both of them were not "properly filed" is considerable. Accordingly, the time elapsed between the time Cordrey's appeal became final and the filing of his first post-conviction petition exceeds the statutorily prescribed 1-year period of limitations after which a federal

---

[1] Although DuBois does make reference to having limited time to visit the law library, he does not make the claim that the library in his prison was inadequate and impeded his pursuit of his claims as was argued in Moore v. Battaglia, 476 F.3d 504 (7th Cir. 2007). His assertions that he was misadvised by the inmate law clerks are also unavailing.

court cannot entertain a petition brought pursuant to § 2254 by a prisoner in state custody. Therefore, the petition will be denied as untimely.

## CONCLUSION

For the reasons set forth herein, the Application to Proceed In Forma Pauperis [#1] is DENIED. The Motion for Appointment of Counsel [#2] is DENIED, and Cordrey's Petition for Writ of Habeas Corpus pursuant to § 2254 is DISMISSED as untimely. This matter is now terminated.

ENTERED this 18th day of July, 2007.

                                                s/ Michael M. Mihm
                                              Michael M. Mihm
                                              United States District Judge